**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

---

IN RE: CHAD D. HOVE, DEBTOR
CHAPTER 11 BANKRUPTCY CASE NO. 24-30202

---

IN RE: PRECISIONOMICS, LLC, DEBTOR
CHAPTER 11 BANKRUPTCY CASE NO. 24-30203

---

## EXPEDITED MOTION FOR AN ORDER GRANTING JOINT ADMINISTRATION

---

Movants Chad D. Hove and Precisionomics, LLC, "Movants," hereby move this court for joint administration and provide the following:

1. This motion arises under 11 U.S.C. § 105(a) and is filed under Bankruptcy Rules 1015(b) and 9014.

2. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. These proceedings are core proceedings, and the cases are pending in this court.

3. Chad D. Hove, individually, and Precisionomics, LLC, an entity created under the laws of the State of North Dakota, filed for Chapter 11 Bankruptcy protection today, May 17, 2024.

4. Chad D. Hove is the sole member of Precisionomics, LLC, owning 100% of its shares and operating the entity as its President, Vice-President, Secretary and Treasurer under its bylaws.

5. Chad D. Hove, individually, operates a farm growing and harvesting crops. Precisionomics, LLC, provides trucking, hauling and custom hire farming services for farmers in the region.

6. Unison Bank, the primary secured lender in both bankruptcy estates, has blanket liens on both Mr. Hove and Precisionomics Assets, including, but not limited to, all farming machinery & equipment, crops and crop-related assets, and perfected titled assets.

7. Mr. Hove has personally guaranteed obligations of Precisionomics loans held by Unison Bank. Precisionomics has signed commercial guarantees of Mr. Hove's obligations to Unison Bank. In addition, assets of each estate are used to produce income in both operations, making proposal of a reorganization plan for each estate difficult given the intertwined operations, i.e., it would be difficult to work legal and factual issues with one estate and not involve or connect the other.  Having one plan to restructure Unison Bank's claim will provide clarity as to its claims treatment and allow for easier scheduling and planning of payments pursuant to the plan.

8. Administration of these estates jointly would avoid confusion, duplication, and the cost of these extra efforts to achieve reorganization of both operations.

9. Pursuant to Fed. R. Bankr. P. 1015(b), "If a joint petition or two or more petitions are pending in the same court by or against …:

   (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest."

   As Mr. Hove is the 100% owner of Precisionomics and each estate has obligations guaranteed by the LLC or the individual and vice-versa, these Debtors are affiliates as defined by 11 U.S.C. § 101(2)(A).

10. The rights of the Debtors' creditors will not be adversely affected by joint administration, as it would be beneficial by reducing costs and increasing any potential recovery for such creditors.

11. Should the Court grant the Debtors' request allowing the joint administration of the two Chapter 11 cases, the Debtors prefer the lead case to be Mr. Hove's individual case (24-30202) where all filings, other than proofs of claim, would be filed.

WHEREFORE, Chad D. Hove and Precisionomics, LLC, by undersigned counsel, requests an order allowing the joint administration of these two cases, designate Chad D. Hove's case as the lead case, and any other relief the court deems just and equitable.

Respectfully submitted this 17th day of May, 2024:

BULIE DIAZ LAW OFFICE

By: */s/ SARA E. DIAZ*
Sara E. Diaz
ND License #06069
3523 45th St. S. Suite 102
Fargo, ND 58104
(701) 298-8748
sara@bulielaw.com
ATTORNEYS FOR DEBTOR